# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JEFFREY GROPPI,** : | |
| : | Civil Action No. 1:CV-06-355 |
| **Plaintiff,** : | |
| : | (Judge Kane) |
| v. : | |
| : | |
| **ROBERT BOSCO, <u>et</u> <u>al.</u>,** : | |
| : | |
| **Defendants** : | |

## **<u>ORDER</u>**

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

    This matter comes before the Court by way of a <u>pro se</u> Complaint filed on February 16, 2006.[1] Plaintiff also moves for leave to proceed <u>in forma pauperis</u> pursuant to 28 U.S.C. § 1915. (Doc. No. 10.)  Plaintiff's request to proceed <u>in forma pauperis</u> is granted and the Court will undertake the 2 U.S.C. § 1915(e)(2) analysis.

    Plaintiff is currently incarcerated at the United States Penitentiary in Lewisburg, Pennsylvania, for participating in a conspiracy to distribute hydrocodone.  While Plaintiff was incarcerated within the federal prison system, the State of Connecticut issued a warrant for his arrest for failure to pay restitution as part of his sentence in an earlier unrelated criminal matter. Plaintiff alleges that this outstanding warrant for his arrest prevents him from participating in certain USP-Lewisburg programs or receiving a furlough to visit his ailing son.  Plaintiff seeks an order quashing the Connecticut arrest warrant and directing USP-Lewisburg officials to grant Plaintiff a temporary furlough and allow Plaintiff to participate in the Drug Abuse Program

---

[1] The Complaint was filed on February 16, 2006.  (Doc. No. 1.)  An addendum to the Complaint reached the Court by way of mail a day earlier and was originally filed as a separate action.  (Doc. No. 7.)  The two actions were consolidated by Order dated February 17, 2006. (Doc. No. 6.)

available at USP-Lewisburg.  The named defendants include:  Robert Bosco, Director of the Connecticut Office of Adult Probation; Louis Borrelli, Probation Officer with the Connecticut Office of Adult Probation; Robert Massey, Probation Officer with the Connecticut Office of Adult Probation (collectively the "Connecticut Defendants"); Troy Williamson, Warden of USP-Lewisburg; Dave Moffat, Camp Administrator at USP-Lewisburg; and Dr. Richard Williams, Residential Drug Abuse Program Director at USP-Lewisburg (collectively the "Lewisburg Defendants").

On the same day the Complaint was filed, the Court held a telephone conference with Plaintiff and the United States to address Plaintiff's claims.  During the hearing, the Government asserted that it would attempt to address Plaintiff's concerns through an expedited administrative process.  (Doc. No. 5.)  Despite the efforts of the parties, all attempts to resolve this matter informally have failed.  Accordingly, the Court will conduct a preliminary review of Plaintiff's claims pursuant to  28 U.S.C. §1915(e)(2).

Although the Court is sensitive to Plaintiff's situation, Plaintiff's claims present a number of difficulties.  First, the Court finds that it lacks personal jurisdiction over the Connecticut Defendants.  Int'l Shoe Co. v. Washington, 326 U.S. 310, 318-19 (1945).  Therefore, all claims against these defendants must be dismissed for lack of jurisdiction.  Second, Plaintiff fails to state a claim on which relief may be granted against the Lewisburg Defendants.  Plaintiff does not have a constitutional right to receive a furlough or to participate in a particular prison program.  See 28 U.S.C. 570.30 ("[a] furlough is not a right, but a privilege granted an inmate under prescribed conditions"); Lopez v. Davis, 531 U.S. 230, 244 (2001) (the Bureau of Prisons has the inherent authority to exclude a prisoner from participation in a prison drug treatment

program); Hewitt v. Helms, 459 U.S. 460, 468 (1983) ("as long as the conditions or degree of confinement to which the prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution, the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight").  Moreover, Plaintiff points to no specific constitutional violation allegedly committed by the Lewisburg Defendants.  Rather, Plaintiff concedes that the Connecticut arrest warrant is the sole reason he is unable to participate in the Drug Abuse Program or receive a bedside furlough.

Accordingly, **IT IS HEREBY ORDERED THAT** Plaintiff's Motion to proceed In Forma Pauperis (Doc. No. 10) is **GRANTED**.  **IT IS FURTHER ORDERED** that Plaintiff's Complaint (Doc. Nos. 1, 7) is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).  Plaintiff's Motion to Quash the Warrant (Doc. Nos. 14, 15), Motion to Appoint Counsel (Doc. No. 9), and Motion to Amend Civil Complaint to include John Doe as a defendant (Doc. No. 8) are **DENIED**.  The Clerk of Court is directed to close the file.

    S/ Yvette Kane
Yvette Kane
United States District Judge

Dated: April 14, 2006